THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ELLIOTT O. WORDEN, Respondent.

1. FOREST. FISH AND GAME LAW — PROHIBITION AGAINST FISHING IN CERTAIN WATERS — PROVISION OF SECTION 156 AS TO FILING OF REGULATION MANDATORY. That provision of section 156 of the Forest, Fish and Game Law (L. 1900, ch. 20; L. 1901, chs. 94, 662) requiring a copy of a regulation prohibiting fishing in certain waters to be " filed in the office of the clerk of the town to which the prohibition or regulation applies," is mandatory, rather than directory, not simply on account of the form of the command, but also because the object is to furnish an official record near at hand for convenient examination by those who wish to know whether fishing in a given stream has been prohibited by a local regulation; and the requirement must be strictly complied with.

2. INSUFFICIENT DESCRIPTION OF CREEK AFFECTED. Where the commissioner, upon the request of a town board, ordered that the waters of a specified creek and its tributaries should be closed for a prescribed period, but no copy of the order or minutes of the commission was filed in the office of the clerk of the town, a paper attached to the petition, prohibiting all persons from fishing " in this stream within this town " and filed with the clerk, is of no effect as a record in a public office, not only because it was not a copy of the regulation made, but because it fails to identify or describe, by name or otherwise, any stream to which a prohibitive regulation could apply; and although copies of the paper were posted along the creek specified, in the manner required by statute, the failure to file the requisite regulation is a good defense to an action to recover the prescribed penalties.

*People* v. *Worden*, 113 App. Div. 899, affirmed.

(Argued January 16, 1907; decided February 1, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 18, 1906, affirming a judgment in favor of defendant entered

upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial.

The complaint sets forth a cause of action to recover from the defendant the sum of seventy-five dollars as a penalty for violating section 156 of the Forest, Fish and Game Law by fishing in Golley brook, a tributary of Canada creek, in the town of Lee, county of Oneida. The answer is a general denial. At the trial, after both parties had rested, the court granted a nonsuit, the Appellate Division subsequently affirmed and the plaintiff now appeals to this court.

The facts, so far as material, are stated in the opinion.

*Howard C. Wiggins* for appellant.

*Elliott O. Worden*, respondent, in person. (The statute was not complied with by the commission. (L. 1901, ch. 662, § 156.)

VANN, J. Golley brook is a small trout stream which rises in the town of Lee and empties into Canada creek in the county of Oneida. About two miles long, it varies in width from one foot to ten and in depth from six inches to twenty. Having a gravel bed and spring water which runs the year round, it has always been inhabited by brook trout. In the month of December, 1903, and at various times during the past eighteen years, brook trout were put in this stream at the expense of the state, and once with the apparent approval of the owner of the premises through which it runs and on which the defendant is alleged to have caught brook trout on the 10th of July, 1905.

The eighth article of the Forest, Fish and Game Law relates to the powers and duties of the forest, fish and game commission, which since March 12th, 1901, have been discharged by a single commissioner. (L. 1900, ch. 20; L. 1901, ch. 94.) Section 156 is a part of that article and, as amended by chapter 662 of the Laws of 1901, is as follows: " Close season established in towns. The commission, may on request of a majority of the town board of any town in which fish

have been or shall be placed at the expense of the state, prohibit or regulate the taking of fish from public inland waters therein, for not exceeding five years from the first of May next after such fish have been furnished. At least thirty days before such prohibition or regulation shall take effect, a copy of the same shall be filed in the office of the clerk of the town to which the prohibition or regulation applies, and printed copies thereof at least one foot square shall be posted along the shores of the waters affected, not more than fifty rods apart. Whoever shall violate or attempt to violate any such prohibition or regulation is guilty of a misdemeanor, and in addition thereto shall be liable to a penalty of sixty dollars for each violation and an additional penalty of five dollars for each fish, taken or possessed in violation of this section."

In September, 1903, a majority of the town board of the town of Lee presented a petition, duly signed by them, to the forest, fish and game commission requesting it "to close Canada creek and tributary streams in the town of Lee for a period of three years," pursuant to "the provisions of said section 156 of the Forest, Fish and Game Law." On the 5th of November, 1903, the commission acted upon this petition by ordering that Canada creek and its tributaries in the town of Lee should be closed for a period of three years. No copy of the order or of the minutes of the commission appear to have been filed in the office of the clerk of said town, but on the 5th of December, 1903, the following paper attached to the petition of the town board was filed with said clerk: "Fishing Prohibited. Notice is hereby given that on the request of a majority of the town board of the town of Lee, Oneida County, N. Y., as provided in section 156, Chapter 20, Laws of 1900, as amended by chapter 662, Laws of 1901, known as the Forest, Fish and Game Law, all persons are prohibited from fishing in this stream within this town for the period of three years on and after March 1st, 1904. Signed, D. G. Middleton, Forest, Fish and Game Commissioner. Dated, Albany, N. Y., December 3, 1903."

Printed copies of this paper were posted along the shores of Golley brook in the manner required by the statute. No other action appears to have been taken and no other paper filed or notice given than is above set forth.

The question is raised by the defendant whether the proceedings to establish a close season for three years as to the waters of Canada creek and its tributaries in the town of Lee were regular and in accordance with law.

After fish have been placed in a stream at the expense of the state, the first action required is the request by a majority of the town board, and no claim is made that the procedure of the members of that body in this case failed in any respect to conform to the statute. This gave the commission jurisdiction to act by making the regulation asked for in the petition. The action of the commission in making the regulation or order of prohibition is not seriously questioned, although the date when the order was to go into effect is not named. It is, however, insisted that no copy of the regulation was filed with the town clerk as required by law and that the paper that was filed, even if regular in other respects, is so indefinite as to be void.

The regulation authorized by section 156 is in the nature of a local statute, and when the requirements are carefully observed the effect is to make fishing in the waters designated unlawful during the period named, the same as if the regulation had been made by the legislature itself. A copy of the regulation, however, as the statute expressly provides, "shall be filed in the office of the clerk of the town to which the prohibition or regulation applies." This we regard as mandatory rather than directory, not simply on account of the form of the command, but also because the object is to furnish an official record near at hand for convenient examination by those who wish to know whether fishing in a given stream has been prohibited by a local regulation. An examination of the statutes of the state would not give this information and the printed notices on the stream might in fact be unauthorized. Citizens are not compelled to travel many miles from home for

the purpose of examining the records of the forest, fish and game commission in order to see whether a regulation has been made, the violation of which subjects the offender to punishment for a crime and also to a penalty by civil action. They have the right under the statute to consult an official record near the waters affected, and, hence, the requirement that a copy of the regulation must be filed with the town clerk should be strictly complied with.

No copy of the order as made by the commission was filed. The form of the regulation as shown by the minutes kept by the clerk was as follows: "On the petition of the town board of the town of Lee, Canada creek and its tributaries in the town of Lee were closed for a period of three years." Orderly procedure would suggest that a certified copy of this brief minute should be filed in the office of the town clerk, but no copy, not even one uncertified, was in fact filed. The paper actually filed is not a copy of the regulation as made, for it differs not only in form but in a very material and substantial requirement. The regulation designated Canada creek and its tributaries in the town of Lee as the prohibited waters, while the paper filed with the town clerk designated no particular stream, but simply mentioned "this stream." While these words are clear enough in their meaning when they appear in a notice posted on the bank of a stream, they are wholly without meaning when they appear in a paper filed in the town clerk's office as part of a regulation having the force of a statute. The prudent citizen, wishing to fish but anxious to obey the law, would search that office in vain to learn what stream was meant. He could not find the record required by the statute in order to close Golley brook, and the paper which he might have found, even if sufficent in other respects, did not point to Golley brook as a closed stream. That paper was of no effect as a record in a public office, not only because it was not a copy of the regulation made, but also because it failed to identify or describe, by name or otherwise, any stream to which a prohibitive regulation could apply. The words "this stream," with nothing to tell what

stream was meant, would be void for indefiniteness if they occurred in an act passed by the legislature, and they are none the less void in a regulation, which, when the law is observed, is practically a statute.

This conclusion makes it unnecessary to pass upon the meaning of the words "public inland waters" as originally used in section 156 of the Forest, Fish and Game Law. The doubt as to what waters were meant has been removed as to the future by the action of the legislature, which recently so amended the section as to omit the word "public" and to thus describe the waters intended as "inland waters" simply. (L. 1906, ch. 241; L. 1906, ch. 409.)

We think that the motion to nonsuit was properly granted, and that the judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER, HISCOCK and CHASE, JJ., concur.

Judgment affirmed.